Pearson, J.
 

 The judgment, being for a sum exceeding that demanded by the writ, is irregular and erroneous ; but it is not void, and has full force and effect until it be reversed. This must be done by a direct proceeding. Its validity cannot be impeached collaterally; consequently, the defendant cannot go behind the judgment, for the purpose of taking advantage of this variance!
 

 Had the defendant taken a bail-bond, the penalty would have been $600, (double the amount named in the writ,) which is amply sufficient to cover the amount of the judgment rendered in this case. The defendant, by neglecting to take a-bail-bohd, made himself liable as bail, and of course his lia
 
 *151
 
 bility extended to $600. Had tbe judgment exceeded that amount, for instance, if it had been for $1000, it may be that tbe defendant might have gone behind tbe judgment, and bad reference to tbe writ, for tbe purpose of fixing the extent of bis liability. That question is not presented. Tbe plaintiffs do not seek to charge tbe defendant beyond tbe amount of bis admitted liability; that is, double tbe amount named in tbe writ.
 

 As to the second question. If tbe sheriff takes a bail-bond, tbe
 
 sci. fa.
 
 must allege tbe execution of the bond, and tbe liability of tbe defendant by force and effect thereof, for tbe purpose of enabling him to deny tire execution, or take advantage of a variance or tbe like, which be will do under tbe plea
 
 non est factum.
 
 If tbe sheriff has neglected to take a bond, the
 
 sci. fa.
 
 must allege that tbe defendant was sheriff; that a
 
 capias act respondendum
 
 was put into bis bands, which was returned executed ; and that be bad failed to take a bail-bond, wherefore, by force and effect of tbe statute be became liable as bail. It is necessary to make these allegations, for tbe purpose of enabling tbe defendant to traverse any one, or all of them.
 

 So, it is necessary to allege a judgment against tbe principal, for tbe purpose of enabling tbe defendant to traverse that fact by a plea of
 
 wul tied record.
 
 Before tbe late statute, it was necessary to allege that a
 
 ca. sa.
 
 bad issued, and tbe return of
 
 non est inventáis,
 
 for tbe purpose of enabling the defendant to traverse one, or both, of these facts. Eor what purpose, should tbe
 
 sci. fa.
 
 allege tbe cause of action in tbe suit in which judgment bad been taken against tbe principal
 
 %
 
 It in no wise affects tbe liability of tbe defendant, and be can take no advantage of it, one way or tbe other.
 

 Per Curiam.
 

 Judgment below reversed, and judgment for plaintiffs according to
 
 sci. fa.